DAVIS, *Respondent,*
*v.*
HINMAN, et ux, *Appellants.*
(No. A 7612 17974, CA 10787)
591 P2d 417

E. Pennock Gheen, Portland, argued the cause for appellants. With him on the briefs were Chris P. Davis, and Hershiser, Mitchell, Mowery & Davis, Portland.

J. Rion Bourgeois, of Evans, Anderson, Hall & Grebe, Portland, argued the cause for respondent.

Before Schwab, Chief Judge, Thornton, Lee, and Gillette, Judges, and Howell, Judge pro tempore.

[171]

HOWELL, J., pro tempore.

**HOWELL, J.,** pro tempore.

This is an action to recover damages for physical injuries incurred by plaintiff when she fell while skating at defendants' roller skating rink. The jury returned a verdict for plaintiff for special damages only. Plaintiff's motion for a new trial was allowed, and defendants appeal.

Plaintiff's fall resulted in a broken wrist. There was evidence that her medical expenses amounted to $276.95. The trial court instructed the jury that plaintiff was seeking $12,500 general damages and $297.97 special damages. The jury was not instructed that before special damages could be awarded, some amount of general damages must be allowed. *Eisele v. Rood*, 275 Or 461, 551 P2d 441 (1976). The form of verdict submitted did not segregate the damages. The jury answered the usual interrogatories by finding each party to be fifty percent negligent and found that plaintiff's "total money damages were $297.97" (the amount mentioned by the trial court in his instructions). The jury also appended a handwritten note to the verdict:

> "We feel that the plaintiff should only receive the amount of medical expenses and *no more.*"

After the verdict was delivered, the court and counsel held a conference which resulted in the court accepting the verdict. Subsequently, the plaintiff moved for a new trial, contending the verdict was improper for various reasons, including the allowance of special damages when it was uncontroverted that plaintiff suffered some general damages. The motion was allowed and a new trial granted.

■ Defendants contend the plaintiff waived her right to challenge the verdict because she did not object or ask that it be resubmitted to the jury. It is true that counsel must object to the verdict or the objection is waived. *Storey v. Madsen*, 276 Or 181, 554 P2d 500 (1976); *Skourtis v. Ellis*, 272 Or 149, 535 P2d 1367 (1975); *Smith v. J. C. Penney Co.*, 269 Or 643, 525 P2d

[173]

1299 (1974). However, our examination of the record setting forth the colloquy between court and counsel clearly shows that plaintiff was objecting to the form of the verdict.

█ The next question is whether the verdict was defective. We conclude that it was. There was evidence that the plaintiff suffered some general damages. Her broken wrist was in a cast for six weeks, she suffered some pain, and she had not regained full strength in her wrist at the time of the trial. Therefore, plaintiff's situation fell within the general rule that when a plaintiff has suffered general damages, a verdict awarding special damages without awarding general damages is improper.[1]

Considering all the circumstances, we cannot say the trial court erred in granting a new trial. *See Hillman v. North. Wasco Co. PUD*, 213 Or 264, 275, 323 P2d 664 (1958).

Affirmed.

---

[1] The defendant argues that the verdict was not for special damages alone because plaintiff's medical expenses could not exceed $276.95. The court instructed the jury using the figure $297.97, and the jury awarded the latter figure. Apparently the court misspoke itself but, in any event, it is clear that the jury was awarding only special damages.