Argued and submitted September 6, 1979,
affirmed January 29, 1980

# DAVIS,
*Respondent,*
*v.*
# HINMAN, et al,
*Petitioners.*

## (No. A7612 17974, CA 10787, SC 26148)

605 P2d 700

E. Pennock Gheen, Portland, argued the cause for petitioners. With him on the briefs were Chris P. Davis, and Hershiser, Mitchell, Mowery & Davis, Portland.

J. Rion Bourgeois, Portland, argued the cause for respondent. With him on the brief was Evans, Anderson, Hall & Grebe, Portland.

Before Denecke, Chief Justice, and Holman,** Tongue, Lent, Linde, and Peterson, Justices.

PETERSON, J.

---

**Holman, J., did not participate in the decision of this case.

**PETERSON, J.**

This is another personal injury case in which it is claimed that the jury improperly returned an unsegregated verdict for only the special damages. The verdict was received. Thereafter, on plaintiff's motion for new trial, the trial judge ordered a new trial. Defendants appealed to the Court of Appeals, which affirmed.[1] We granted review in this case and in *Wheeler v. Huston,* 288 Or 467, 605 P2d 1339 (1980), to reconsider the rule applicable to verdicts for only the amount of the claimed specials.

## THE FACTS

Plaintiff's fall resulted in a broken wrist. There was evidence that her medical expenses amounted to $276.95. The trial court instructed the jury that plaintiff was seeking $12,500 general damages and *$297.97* special damages. The jury was not instructed that before special damages could be awarded, some amount of general damages must be allowed. The form of verdict submitted did not segregate the damages. The jury answered interrogatories in the form customarily used in comparative fault cases by finding that each party was 50 percent "negligent" [*Cf.* ORS 18.470 and ORS 18.480(2)] and found that plaintiff's "total money damages were $297.97" (the amount mentioned by the trial court in its instructions). The jury also wrote a handwritten note upon the verdict form:

> "We feel that the plaintiff should only receive the amount of medical expenses and *no more.*"

After the verdict was returned, the court and counsel held a conference following which the court received the verdict. Subsequently, the plaintiff moved for a new trial, contending that the verdict was improper because no general damages were awarded, and because it was uncontroverted that the plaintiff

---

[1] 39 Or App 171, 591 P2d 417 (1979).

suffered some general damages. The motion was allowed and a new trial was granted.

## A PROPER EXCEPTION WAS TAKEN

After the jury returned its verdict the trial judge asked the jury to "be at ease for just a little" while he conferred with counsel. In chambers the plaintiff's attorney stated:

"MR. BOURGEOIS: I can't see how they can find liability and award her medical damages, and not give her any general damages.

"* * * * *

"* * * [I]f they find liability, they have to find general damages in the case.

"* * * * *.

"MR. BOURGEOIS: She had a broken arm and she suffered general damages. If it's a case where it's not a permanent injury, you might have some special damages in those generals, but in a special damages case where you've got a clear-cut injury, there's definitely general damages; and this verdict makes no sense.

If they find liability and award her her medicals, then the defendants are liable. It's an inconsistent verdict."

Thereafter, the following occurred:

"THE COURT: I'm not going to the library at this time of night. It's five minutes after 8:00 p.m.

"MR. DAVIS: I think it's a proper verdict.

"MR. BOURGEOIS: I think it's an inconsistent verdict.

"MR. DAVIS: The thing is, he can move for a motion to set aside a verdict and we can brief it and —."

Following this discussion, the judge and lawyers returned to the courtroom, the verdict was received, and the jury was discharged.

The defendants claim that the court erred in setting aside the verdict and in granting a new trial. Their first claim is that the verdict should have been received because the "plaintiff failed to properly object

to the verdict prior to its receipt." Defendant states that "not only must an objection be made but * * * counsel must * * * ask that the matter be resubmitted to the jury."

In *Fischer v. Howard,* 201 Or 426, 271 P2d 1059 (1954), we stated:

> "We are satisfied that when counsel has adequate opportunity, before the discharge of the jury, to familiarize himself with the verdict, but makes no objection to the filing of the verdict or moves that the cause be remanded to the jury, he cannot later, by a motion for a new trial, assail the verdict upon the ground that it is irregular, ambiguous or informal. His failure to have employed the procedure warranted by § 5-319, [now ORS 17.355(2)] supra, constitutes a waiver upon his part of all objections which could have been made on account of irregularity, informality or ambiguity in the verdict. * * *." 201 Or at 455.

*Fischer* also contains this dictum:

> "Failure to make a motion to have the jury sent back for answers or better answers may operate as a waiver." 201 Or at 437.[2]

In the case at bar, the plaintiff's attorney was objecting to the verdict, but made no motion to have the jury sent out for further deliberations under proper instructions. In this respect the case differs from *Fischer,* for there no objection was made to the receipt of the verdict until after the verdict had been received and the jury discharged.

---

[2] We note this statement from *Mullins v. Rowe,* 222 Or 519, 524, 353 P2d 861 (1960):

"* * * In *Fischer v. Howard,* 201 Or 426, 271 P2d 1059, 49 ALR2d 1301, this court reviewed most of the earlier Oregon decisions, and pointed out the following:

"(1) The time to object to a defective verdict, if it is defective, is while the jury is still on hand so that the trial court can resubmit the matter with proper instructions.

"(2) An objection not taken when the verdict is returned into court is waived.

"(3) The only correct procedure to follow is to resubmit the matter to the same jury."

The statement quoted above from *Fischer* that "[f]ailure to make a motion to have the jury sent back for answers or better answers may operate as a waiver" is dictum. We have never held that the plaintiff's attorney must (1) object to the receipt of the verdict *and* (2) move to have the matter resubmitted to the jury. In *Fischer,* we held that the party must make objection *or* move that the cause be resubmitted prior to receipt of the verdict and discharge of the jury. 201 Or at 455.

Here, the plaintiff objected to the verdict immediately following the jury's return. The jury had been out for six hours, the time was 8 p.m., and the defendants' attorney had, in a real sense, invited the court to receive the verdict by saying that plaintiff could thereafter move to have it set aside. Under these facts, we conclude that the plaintiff properly preserved her rights by objecting to the verdict when it was returned.

## THE TRIAL COURT PROPERLY REJECTED THE VERDICT AND GRANTED A NEW TRIAL

In *Wheeler v. Huston,* 288 Or 467, 605 P2d 1339 (1980), we held:

> "1. If there is a question whether *any* general damages were sustained, the jury may conclude that the plaintiff suffered no general damages but did reasonably incur wage loss and/or medical expense. Such verdicts are valid and include cases in which (a) the plaintiff's evidence of injury is subjective, (b) there is evidence that the plaintiff's injuries for which general damages are claimed were not caused by the accident, and (c) the objective evidence of a substantial injury sustained by plaintiff is controverted by other competent evidence, or could be disbelieved by the trier of fact.

> "2. Even in the case where the jury must award some general damages, if there is a substantial dispute as to the amount of the special damages to which the plaintiff is entitled, an unsegregated verdict in the exact amount of the claimed specials will be upheld. Such an award may reflect a decision by the

[510]

jury not to award the total amount of the claimed special damages but rather to award part of the claimed specials and some general damages. The mere identity between the award and the specials claimed would not exclude a conclusion that the verdict included an award for general damages. For example, plaintiff might claim medical expenses and wage loss totalling $6,000. If the defendant produces evidence that some medical expenses were not due to the accident or that the wage claim was inflated, an unsegregated verdict for only the claimed specials could well include an award of general damages. Such a verdict would only be valid, however, if the amount of special damages in dispute was more than a nominal amount." 288 Or at 479-480 (Footnotes omitted.)

Once liability was established in her favor, the plaintiff at bar was unquestionably entitled to an award of general damages, as a matter of law. Her claims of injuries were not subjective, her injuries unquestionably were caused by the accident, she had a fractured wrist, and there was uncontroverted evidence that she had "a considerable amount of pain and discomfort" and a permanently weak, unstable wrist. No reasonable person could disregard such testimony and find that she sustained no general damages, and defendants make no such claim. Rather (anticipating our holding in *Wheeler, supra),* the defendants argue that "there was evidence to support the conclusion that the verdict included some amount for general damages."

There was no dispute as to the amount of the medical specials in this case: $276.95. Early in his jury instructions, the trial judge said that the plaintiff was claiming "reasonable medical expenses in the sum of $276.95." However, the trial judge later misspoke himself in his instructions, saying that "if you come to the matter of damages, I instruct you that the plaintiff would also be entitled to the reasonable value of medical care and services furnished in the treatment of plaintiff, not to exceed the sum of *$297.97."*

[511]

The defendants argue that the jury therefore actually awarded $21.02 in general damages (the difference between $297.97 and $276.95), and that the "* * * award was for an amount in excess of the special damages for which there was proof and necessarily included an award of general damages."[3]

This is not a case in which there was "a substantial dispute as to the amount of the special damages to which the plaintiff is entitled." In light of the judge's misstatement, the jury's note, and the evidence, the conclusion is inescapable that the jury returned a verdict that they believed was for the specials only. The evidence compelled a finding that the plaintiff was also entitled to an award of general damages. We therefore reject the defendants' claim that the verdict is valid because the jury may have awarded "some" general damages.

Finally, the defendants argue that the jury award of "total money damages of $297.97" is proper under *Sedillo v. City of Portland,* 234 Or 28, 380 P2d 115 (1963). In *Sedillo* we approved an unsegregated verdict for only the actual special damages because "* * * there was an important question of whether or not much of plaintiff's medical expense was occasioned by the collision." 234 Or at 33. Here there was no real dispute as to the validity of the medical expense claim.

The verdict in this case should not have been received. The preferred course of action would have been to send back the jury for further deliberations under appropriate instructions. However, the plaintiff objected to the verdict in a timely fashion and in no way

---

[3] In the same paragraph of their brief, the defendants admit that "whether the jury was aware of the discrepancy in the court's instructions is a matter of speculation."

invited the trial court to receive the verdict.[4] The trial court properly ordered a new trial.

Affirmed.

---

[4] Note, however, the holding of *Wheeler v. Huston,* 288 Or 467, 481-82, 605 P2d 1339 (1980):

> "If the plaintiff's attorney claims that the plaintiff has established, beyond question, the claim to general damages, per *Eisele* and this opinion, or the claim to a specific amount of special damages, per this opinion, but fails to bring these matters to the attention of the trial judge by appropriate motion or requested instruction, any objection to a verdict in the amount of only the claimed specials will be deemed waived. This rule (requiring timely request to the trial court) will apply to cases tried after the publication of this opinion in the advance sheets." (Footnote omitted.)