Argued and submitted December 12, 1991, affirmed April 15, 1992

## Patricia Roy DUTRA
### and Lawrence Albert Dutra,
*Respondents,*

*v.*

## TREE LINE TRANSPORTATION, INC.,
### and Harry Eugene O'Neill,
*Appellants.*

## (16-88-08994; CA A67632)

831 P2d 691

Don G. Swink, Portland, argued the cause for appellants. With him on the brief was Timothy W. Grabe, Portland.

Jeffrey E. Potter, Eugene, argued the cause for respondents. With him on the brief was Herbert Lombard, Eugene.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This is a negligence action in which the jury awarded economic damages claimed by plaintiffs, but no noneconomic damages.[1] The issue is whether the trial court erred either in granting plaintiffs' motion for a new trial or in ordering a new trial on its own motion. ORCP 64G.[2] We affirm.

Plaintiffs sought recovery for personal injuries that they sustained when their car was hit from behind by a truck owned by defendants. They alleged that Patricia had incurred medical expenses of $15,152, Lawrence had incurred medical expenses of at least $871, the earning capacity of each had been impaired, Lawrence had lost wages, and both had suffered noneconomic damage, such as pain and suffering. Defendants raised the affirmative defense that Patricia had been contributorily negligent in, among other things, "failing to maintain a proper lookout" and "bringing her vehicle to an abrupt stop without provication [*sic*]."

■ At the conclusion of the trial, the jury was instructed on noneconomic damages and comparative negligence. The verdict form asked that economic and noneconomic damages be considered separately for each plaintiff. The jury found Patricia 50% negligent; it awarded economic damages in the amount of $15,152 to Patricia and $871 to Lawrence. No noneconomic damages were awarded. Plaintiffs' attorney offered no objection. The court received the verdict and discharged the jury.[3]

Shortly thereafter, plaintiffs filed a motion for new trial "because of irregularity in the proceedings of the jury, misconduct of the jury and insufficiency of the evidence to justify the verdict." ORCP 64B(1), (2), (5). They argued that the jury had erred in awarding economic damages without

---

[1] "Special" and "general" damages are now called "economic" and "noneconomic" damages. *See* ORS 18.560.

[2] ORCP 64G provides:

"If a new trial is granted by the court on its own initiative, the order shall so state and shall be made within 30 days after the entry of the judgment. Such order shall contain a statement setting forth fully the grounds upon which the order was made, which statement shall be a part of the record in the case."

[3] The court entered an amended judgment of $7,576 for Patricia, to reflect the jury's finding of her 50% responsibility, and $871 for Lawrence.

awarding noneconomic damages, because the evidence of permanent injuries had been undisputed. *See, e.g., Hall v. Cornett et al.*, 193 Or 634, 645, 240 P2d 231 (1952). The court granted plaintiffs' motion and also granted a new trial "on the court's own motion and initiative." On appeal, defendants argue that plaintiffs did not object to the jury's failure to award noneconomic damages and therefore cannot raise that issue in a motion for new trial. They also contend that the trial judge "cannot circumvent this long-standing rule by granting a new trial on the court's own motion."

To be entitled to move for a new trial, plaintiffs had to have objected to, or moved for resubmission of, the verdict. *Davis v. Hinman*, 288 Or 505, 510, 605 P2d 700 (1980); *Fischer v. Howard*, 201 Or 426, 455, 271 P2d 1059 (1954). Because they did neither, they waived their right to object. *Wheeler v. Huston*, 288 Or 467, 481, 605 P2d 1339 (1980); *Maulding v. Clackamas County*, 278 Or 359, 366, 563 P2d 731 (1977). Accordingly, the trial court erred in granting plaintiffs' motion for a new trial.

■   Defendants also contend that the trial court abused its discretion by granting a new trial on its own initiative. They point to the fact that plaintiffs' attorney did not object when the jury was instructed that it could (*i.e.*, was not required to) award noneconomic damages. They argue that the court should not be allowed to instruct the jury that noneconomic damages are optional and then conclude that a failure to award them amounted to jury misconduct.

■   The parties appear to agree that a proper instruction would have informed the jury that, if it found serious injury and causation, thus entitling plaintiffs to recover, it would then be required to award noneconomic damages. *See, e.g., Wheeler v. Huston, supra*, 288 Or at 481. Although plaintiffs failed to object to the jury instruction that was given, that did not preclude the trial court from exercising its discretion to correct the repercussion of its erroneous instruction. A court's authority for *sua sponte* allowance of a new trial is not limited to errors properly excepted to. *Maulding v. Clackamas County, supra*, 278 Or at 362. The court made these findings in granting a new trial: (1) The jury had awarded the full amount of economic damages sought; (2) plaintiffs had presented uncontroverted evidence that

they had suffered permanent injuries; (3) the necessity for and reasonableness of plaintiffs' medical expenses had been admitted by defendants; (4) defendants offered no evidence controverting plaintiffs' evidence of noneconomic damage; and (5) "a reasonable person could not possibly have found that [plaintiffs] had suffered no non-economic damages, given the nature and permanency of the injuries and the uncontroverted proof of those injuries." It concluded that, *inter alia*,[4] there was insufficient evidence to justify the jury's verdict awarding no noneconomic damages.

■      It has long been recognized that, when the facts in a negligence action are uncontroverted and the jury has determined that the plaintiff is entitled to all or most of the economic damages sought, a verdict that awards no noneconomic damages is improper. *See Eisele v. Rood*, 275 Or 461, 467, 551 P2d 441 (1976); *Saum v. Bonar*, 258 Or 532, 541, 484 P2d 294 (1971); *Stein v. Handy*, 212 Or 225, 230, 319 P2d 935 (1957). Accordingly, the trial court did not abuse its discretion in granting a new trial on its own initiative.

Affirmed.

---

[4] The trial court also concluded that the jury's failure to award any noneconomic damages to plaintiffs "amounted to irregularity in the proceeding of the jury and misconduct of the jury." Because of our conclusion, we need not determine whether the trial court was correct in granting a new trial on that basis.