Argued and submitted March 15, affirmed May 19, reconsideration denied
September 1, petition for review denied November 2, 1993 (318 Or 26)

Patricia HOVEY,
*Respondent,*

*v.*

Rhonda Sue DAVIS,
*Appellant.*

(9102-00720; CA A76068)

852 P2d 929

Cathy E. Smith, Portland, argued the cause for appellant. With her on the briefs was Underwood, Norwood & Hiefield, Portland.

Michael H. Bloom, P.C., Portland, argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and De Muniz and Landau, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

In this personal injury action, defendant appeals from a judgment entered after the trial court rejected the jury's initial verdict and resubmitted the case. She argues that the first verdict was proper and should have been received. We affirm.

Plaintiff sought recovery for personal injuries after her car was hit from the rear by defendant's car. Before the accident, both cars had been stopped at a traffic light. Plaintiff alleged property damage, medical expenses and noneconomic damages. After the jury was instructed on economic[1] and noneconomic damages,[2] it returned a verdict for $2,817, the amount of economic damages sought by plaintiff, and no noneconomic damages. Plaintiff objected to the verdict, and after a discussion between the court and counsel, the case was resubmitted to the jury with a new instruction: "If you choose to award economic damages as you have here, then you must award some noneconomic damages." Defendant excepted:

"Your Honor, just so the record is clear, I want to state two things. One, I except to your not accepting that jury verdict for the case of *Wheeler* [*v. Huston*, 288 Or 467, 605 P2d 1339 (1980)]. It was a proper verdict. This is a case where they could do it.

---

[1] The court instructed the jury that, if it found property damage to plaintiff's car, the award could not exceed $104. The jury was also instructed on economic damages:

"Plaintiff's economic damages are objectively verifiable monetary losses incurred by plaintiff. In determining the amount of economic damages, if any, consider the reasonable value of necessary medical care and services that plaintiff sustained by defendant's negligence. This amount must not exceed $2713."

[2] The jury was instructed:

"Noneconomic damages are the subjective monetary losses incurred by the plaintiff. The law does not furnish you with any fixed standard for which to measure the exact amount of noneconomic damage. The law does require that all compensation be reasonable. You must supply your own considered judgment to determine the amount of noneconomic damages. In determining the amount of noneconomic damages, if any, consider each of the following; first consider the pain and mental suffering and emotional distress the plaintiff has sustained from the time she was injured until the present time and is reasonably probable the plaintiff will sustain in the future as a result of her injury. Next, consider any inconvenience and interference to the plaintiff's normal and useful activities of gainful occupation that you find she has sustained * * *."

"Secondly, I would except to a reinstruction. You gave them the impression * * * that they would have to stick with their figure of economic damages and that is not the law. If it truly was an improper verdict they would be back to square one to get a consensus on all questions. To the extent that your language did not clearly tell them, I think my language, if I could come forward, I might read it into the record. It says: 'I cannot accept your verdict. When you return to the jury room, if you choose to award economic damages, then you must award some noneconomic damages.'

"That would leave open to them revisiting the question what they want to do with economic damages. That would be proper. So to the extent you did not make that clear I object to reinstructing them."

The jury returned a verdict of $2,817 for economic damages and $8,800 for noneconomic damages.

■    Plaintiff argues that we need not address defendant's argument that the trial court erred in holding the jury's first verdict improper, because defendant did not object properly in order to preserve the error. The purpose of an objection is to give the trial court a chance to consider the legal contention being made. *See Shields v. Campbell,* 277 Or 71, 77, 559 P2d 1275 (1977). Generally, only citing a case as the ground for an objection does not preserve an objection. *See Wulff v. Sprouse-Reitz Co., Inc.,* 262 Or 293, 300, 498 P2d 766 (1972). However, after defendant cited *Wheeler v. Huston, supra,* counsel and the court discussed the holding of that case and its relevance to this case. We hold that the issue was preserved under the circumstances.

■    Defendant argues that the first verdict for economic damages only was proper, *see Saum v. Bonar,* 258 Or 532, 484 P2d 294 (1971), and that the trial court erred in resubmitting the case to the jury. We review the record to determine if the issue of noneconomic damages is controverted in the pleadings, and if the evidence of damages is in such conflict that the jury could properly conclude that plaintiff did not actually suffer any noneconomic damages. *Eisele v. Rood,* 275 Or 461, 467, 551 P2d 441 (1976). A jury verdict of economic damages without noneconomic damages may be valid in some cases, including those in which: (1) the evidence of plaintiff's injury was purely subjective; (2) defendant's evidence indicates that plaintiff's injury was not caused by the accident; or (3) the

objective evidence of a substantial injury is controverted by other competent evidence, or could be disbelieved by the jury. *Wheeler v. Huston, supra*, 288 Or at 479.

Defendant denied that plaintiff suffered any injury that caused economic or noneconomic damages. The evidence about noneconomic damages is in conflict. Plaintiff testified that she felt a "twinge" in her lower back immediately after the accident. The next day, the pain worsened and caused her to go to the hospital for treatment. The emergency room doctor found "mild tenderness" in plaintiff's back and diagnosed her condition as "back strain." The emergency room record also states that plaintiff walked and moved her extremities without difficulty, that she had no bruises on her back and that she experienced no pain during deep palpations to her lower back.

Two months after the accident, plaintiff was examined by Dr. Flowers. He found that plaintiff's restricted movements indicated injury to her lower back, and that she had muscle spasms and mild tenderness in her lower back, and he noted some joint dysfunction in the sacral area. As a result of that diagnosis, plaintiff received chiropractic treatments for four months.

Dr. Simpson, a doctor hired by defendant, examined plaintiff two years after the accident and admitted that, based on plaintiff's complaints made the day after the accident, plaintiff probably suffered a strain injury as a result of the accident. When he examined plaintiff, he found that she had some tenderness in her lower back and some loss of motion in her back, which he attributed to plaintiff being overweight and having weak abdominal muscles. In conclusion, he testified that it was "unlikely that the motor vehicle accident * * * significantly impaired [plaintiff's] lumbar region."

The evidence shows that there is objective evidence of tenderness and muscle spasms that corroborate plaintiff's complaints. Defendant's medical expert agreed that the accident caused a strain to plaintiff's back. An injury that requires treatment for four months is a substantial injury. Finally, plaintiff's testimony about her discomfort was not substantially impeached. In the light of those facts, we hold that this is a case in which the jury was required to award

noneconomic damages. Therefore, the trial court did not err in refusing to accept the jury's first verdict.

■ Defendant also argues that the trial court's reinstruction was erroneous, because it implied to the jury that it could not reconsider its economic damages award. She asserts that the instruction, "if you choose to award economic damages *as you have here*, then you must award some noneconomic damages" (emphasis supplied) is materially different from the instruction, "if you choose to award economic damages, then you must award some noneconomic damages." We disagree. Both instructions give the jury the choice to award economic damages. Neither instruction prevents the jury from reconsidering its award of economic damages. Defendant participated in the drafting of the instruction, and the language was substantially similar to that proposed by her. We hold that the instruction was proper.

Affirmed.