Argued and submitted May 3, affirmed August 28, 1996

# Helen E. BASS,
*Appellant,*

*v.*

# HERMISTON MEDICAL CENTER, P.C.,
an Oregon professional corporation,
*Respondent.*

## (CV 931070; CA A87968)

922 P2d 708

Kevin L. Cathcart argued the cause and filed the briefs for appellant.

Brant Medonich argued the cause and filed the brief for respondent.

Before De Muniz, Presiding Judge, and Leeson and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiff brought this personal injury action after falling on an icy sidewalk in front of defendants' clinic. The jury found defendants 55 percent negligent and plaintiff 45 percent negligent and returned a verdict for $6,454.24 in economic damages and $0 in noneconomic damages. Plaintiff appeals, assigning error to the trial court's refusal to reinstruct the jury after the verdict was returned and to its denial of her motion for a new trial. We affirm.

When the jury returned its verdict, plaintiff objected, because the jury had not awarded noneconomic damages, although it had awarded economic damages. She argued that the verdict was "insufficient" and that the jury "should be charged to return to redeliberate" the question of noneconomic damages. The trial court denied the request to reinstruct, *inter alia*, because

> "there was no request for a special exception, no request for this instruction now cited to [from *Dutra v. Tree Line Transportation, Inc.*, 112 Or App 330, 831 P2d 691 (1992)] nor any exception given to the court in its jury instructions, and that's specifically—and I want to be clear on the record why I follow that process and why I think trial court rules require that process, is so that everyone is fairly apprised of the jury instructions before the jury deliberates."

The trial court later denied plaintiff's motion for a new trial, made on the same ground.

■ . In *Wheeler v. Huston*, 288 Or 467, 479, 605 P2d 1339 (1980), the court examined the development of the rule governing the validity of verdicts awarding only economic damages[1] and restated the rule:

---

[1] In 1987, the legislature enacted ORS 18.560, distinguishing between economic and noneconomic damages and placing a $500,000 "cap" on awards of noneconomic damages. Since then, the bench and bar appear to have generally equated economic damages with special damages and noneconomic damages with general damages, even though economic damages include some items of loss, such as future impairment of earning capacity, that have historically been styled as general damages. *See DeVaux v. Presby*, 136 Or App 456, 902 P2d 593 (1995). Because of the way in which the parties have framed and argued this appeal, we do not address the propriety of that equation in this context.

"If there is a question of whether *any* general [noneconomic] damages were sustained, the jury may conclude that the plaintiff suffered no general damages but did reasonably incur wage loss and/or medical expense. Such verdicts are valid and include cases in which (a) the plaintiff's evidence of injury is subjective, (b) there is evidence that the plaintiff's injuries for which general damages are claimed were not caused by the accident, and (c) the objective evidence of a substantial injury sustained by plaintiff is controverted by other competent evidence, or could be disbelieved by the trier of fact." (Emphasis in original; footnote omitted.)

Plaintiff argues that her case does not come within the exceptions noted in *Wheeler* because the evidence is uncontroverted that she sustained injury as a result of defendants' negligence. She points, *inter alia*, to testimony by her doctor that she sustained a concussion as a result of the fall as shown by the fact that she vomited in the clinic after the fall, and evidence that she had a "large knot" on the back of her head.

Defendants argue that plaintiff waived any objection to the verdict, because she made no motion for a directed verdict or special instructions that would require the jury to award noneconomic damages.[2] Plaintiff counters that she did not "waive" her right to object because she requested reinstruction after the verdict was announced.

In tracing the development of the rule regarding the validity of "specials only" verdicts, the *Wheeler* court did not

---

[2] At the request of both parties, the court instructed the jury as to noneconomic damages in accordance with Uniform Civil Jury Instruction 70.04, which provides, in part:

"Noneconomic damages are the subjective nonmonetary losses incurred by the plaintiff.

"The law does not furnish you with any fixed standard for which to measure the exact amount of noneconomic damages. * * *

"In determining the amount of noneconomic damages, if any, consider each of the following:

"First, consider the pain and mental suffering and emotional distress that the plaintiff has sustained from the time she was injured until the present and that it is reasonably probable the plaintiff will sustain in the future as a result of her injuries.

"Second, consider any inconvenience and interference with the plaintiff's normal and useful activities * * * in a gainful occupation that you find have been sustained[.]"

confine its discussion only to the rule. The court was aware that the issue had created confusion at the trial and appellate levels, 288 Or at 471, and announced a requirement with prospective application:

"One further aspect of this question requires discussion. Since the decisions in *Saum* [*v. Bonar*, 258 Or 532, 484 P2d 294 (1971)] and *Eisele* [*v. Rood*, 275 Or 461, 551 P2d 441 (1976)], it has been clear that the validity of a verdict in the amount of the claimed specials only is determined by the evidence.

"In a jury trial, questions concerning the sufficiency of the evidence are normally addressed prior to the judge's instructions to the jury. This gives the trial judge the opportunity to rule on evidentiary matters prior to verdict, thus avoiding many post-verdict hassles as to evidentiary matters. * * *

"[I]f the evidence in a personal injury case is such that reasonable people could not disagree that the defendant is legally liable for any injuries sustained by the plaintiff in an accident, the plaintiff should appropriately request that the jury be instructed that the defendant's liability has been established. In the absence of such a request, a verdict for the defendant is immune from attack by the plaintiff on the ground that the trial court failed to instruct the jury that the defendant's lability had been established and that the defendant was liable for all injuries resulting from the defendant's fault. *There is no reason why the question of the plaintiff's right to recover general damages or uncontroverted special damages should be treated any differently. We hold, therefore, that if the plaintiff claims that the right to recover general damages has been established as a matter of law, and that the jury must therefore award some general damages if they find defendant liable, the plaintiff should request that an appropriate instruction be given to that effect.* Such an instruction might read as follows:

" 'If you find that the plaintiff is entitled to recover, you must award some general damages to the plaintiff, pursuant to the following instructions * * *.' [Ellipsis in original.]

"* * * * *

"*If the plaintiff's attorney claims that the plaintiff has established, beyond question, the claim to general damages*

*  *  * *but fails to bring these matters to the attention of the trial judge by appropriate motion or requested instruction, any objection to a verdict in the amount of only the claimed specials will be deemed waived.* This rule (requiring timely request to the trial court) will apply to cases tried after the publication of this opinion in the advance sheets." *Id.* at 480-82 (emphasis supplied; footnote omitted).

■ Thus, under *Wheeler*, a plaintiff must bring the issue of noneconomic damages to the trial court's attention, before the case is initially submitted to the jury, either by requesting special instructions or by moving for a directed verdict on the issue.[3] If the plaintiff fails to do so, the plaintiff will be deemed to have waived any objection if the jury returns a verdict that awards economic damages but does not award noneconomic damages.

Plaintiff does not address that holding from *Wheeler*, relying instead on *Dutra* and *Hovey v. Davis*, 120 Or App 425, 852 P2d 929, *rev den* 318 Or 26 (1993). In *Hovey*, the plaintiff objected when the jury returned a verdict awarding economic but not noneconomic damages. The case was then resubmitted to the jury with a new instruction: " 'If you choose to award economic damages as you have here, then you must award some noneconomic damages.' " 120 Or App at 427. The defendant excepted to the court's refusal to receive the jury's first verdict, as well as to the wording of the court's reinstruction. The jury then returned a verdict awarding both economic and noneconomic damages, and defendant appealed. In affirming, we addressed, and rejected, two arguments: (1) The trial court erred in resubmitting the case to the jury because "the first verdict for economic damages only was proper" in that the evidence of noneconomic damages was so controverted that the jury could decline to award such damages. *Id.* at 427-28 (noting defendant's objection: " 'This is a case where they [the jury] could do it.' "). (2) The court's reinstruction on resubmitting the case to the jury was erroneous because it gave the "impression" that the jury could not, if it so chose, revisit and withdraw its award of noneconomic

---

[3] Although *Wheeler*'s reference to an "appropriate motion," 288 Or at 481, is somewhat ambiguous, it is clear in the context of that discussion that the court was referring to a motion made before the case is submitted to the jury, *i.e.*, a directed verdict motion.

damages. *Id.* at 427, 430. *Hovey* did not address the waiver argument presented here. That is, *Hovey* did not consider whether any failure on the plaintiff's part to move for a directed verdict or request appropriate instructions before submission to the jury, as prescribed in *Wheeler*, precluded resubmission.

*Dutra* is also materially distinguishable. There, the jury awarded economic, but not noneconomic, damages. Thereafter, the trial court both allowed the plaintiffs' motion for a new trial on the ground of "irregularity" in the verdict and also granted a new trial " 'on the court's own motion and initiative.' " 112 Or App at 333. We ultimately affirmed the trial court's *sua sponte* allowance of a new trial, holding that the court did not abuse its discretion in affording such relief. *Id.* at 334.[4] In so holding, however, we noted in *dictum* that the court's allowance of plaintiffs' new trial motion was erroneous because they had waived any objection to the verdict by failing to object to the jury's failure to award noneconomic damages:

> "To be entitled to move for a new trial, plaintiffs had to have objected to, or moved for resubmission of, the verdict. *Davis v. Hinman*, 288 Or 505, 510, 605 P2d 700 (1980); [citing] *Fischer v. Howard*, 201 Or 426, 455, 271 P2d 1059 (1954)." 112 Or App at 333.

That *dictum* appears to support plaintiff's argument in this case—*i.e.*, that there was no waiver here because plaintiff did, in fact, object to the verdict and seek resubmission. However, *Dutra's dictum* was incorrect and cannot be squared with *Wheeler*. Although we were correct in observing that the plaintiffs in *Dutra* had waived their objection, we were incorrect in stating that the basis of that waiver was their failure to object to the verdict. Rather, under *Wheeler*, it

---

[4] In *Dutra*, we concluded that the court could exercise its discretion to "correct the repercussion" of failing to give an instruction that "the parties appear to agree" would have been "proper." *Id.* at 333. In contrast, in this case, defendant has not conceded that the initial charge to the jury was incomplete or erroneous, and the trial judge observed:

"[T]here are a lot of trial reasons, strategic trial reasons a lawyer may or may not request a jury instruction. And I don't want to sit up here and quarterback all lawyers and say they should or shouldn't give a certain instruction. It's your choice as a lawyer. I don't think courts should get into that business."

is clear that, before initial submission of a case to the jury, a plaintiff must either request instructions of the sort prescribed in *Wheeler* or make an appropriate motion for a directed verdict. Otherwise, regardless of any subsequent "curative" efforts, the plaintiff has waived any challenge to a jury's verdict awarding only economic damages.[5]

That is what happened here: Plaintiff waived objection to the jury's verdict by failing timely to request a special instruction or directed verdict. Accordingly, the trial court did not err in refusing to reinstruct the jury and in denying plaintiff's motion for a new trial.

Affirmed.

---

[5] *Wheeler* was decided before *Davis*, but its rule applied prospectively only to cases *tried* after its publication. 288 Or at 481-87. The court in *Davis* expressly noted that fact in a "note however" footnote at the end of that opinion. 288 Or at 513 n 4. Thus, *Davis* was based on *Fisher* and did not purport to comport with the prospective rule of preservation announced in *Wheeler*.