Argued July 10, reversed and remanded August 1, 1974

BERANEK, *Appellant, v.* MULCARE, *Respondent.*

524 P2d 1214

*Raul Soto-Seelig,* Portland, argued the cause for appellant. With him on the briefs was Paul J. Rask, Portland.

*Walter H. Sweek,* of Vergeer, Samuels, Roehr & Sweek, Portland, argued the cause and filed the brief for respondent.

HOWELL, J.

Plaintiff was riding his motorcycle when it was hit from the rear by an auto owned and operated by defendant. Plaintiff filed this action seeking general and special damages for personal injuries and, in a second count, for damages to his motorcycle.

A jury returned a verdict for plaintiff for his damages to the motorcycle and awarded plaintiff $5,429.23 as special damages for medical expenses and lost wages. The jury awarded no general damages. Counsel for plaintiff then moved for a mistrial. However, the trial court sent the jury back for further deliberations after instructing them that they must find general damages before they could award special damages. The court then granted plaintiff's motion for a mistrial. Later, the court accepted and filed the original verdict and entered a judgment thereon. Plaintiff appeals.

■ As a general rule, a verdict for special damages without an allowance for general damages is improper. *Flansberg v. Paulson,* 239 Or 610, 399 P2d 356 (1965). However, in *Saum v. Bonar,* 258 Or 532, 484 P2d 294 (1971), we held that where the issue of general damages is controverted in the pleadings and the evidence, and the jury could have concluded that plaintiff had not suffered any substantial injuries, a verdict for special damages only is a valid verdict.

In *Brannan v. Slemp,* 260 Or 336, 490 P2d 979

(1971), we found a verdict for special damages and no general damages to be improper where there was uncontroverted medical testimony that plaintiff sustained some pain and suffering and that he had some permanent injury, although not extensive.

For other similar cases, see *Chopp v. Miller,* 264 Or 138, 504 P2d 106 (1973), and *Moore v. Drennan,* 269 Or 189, 523 P2d 1250 (1974).

In the instant case, plaintiff alleged that he suffered lacerations and injury to the muscles and tissues of his right leg and ankle. The defendant's answer admitted "some" injury to plaintiff but denied the extent of the injury.

The evidence as to the permanency of plaintiff's injuries and the extent of his injuries was seriously controverted.

However, there was uncontroverted evidence that plaintiff was hospitalized for five days with his leg elevated and that he was in some pain at that time. There was also evidence that he was at home in bed with his leg elevated for three weeks and that he would have some permanent scars on his leg. This is evidence of general damages.

■ Under the circumstances we believe that the facts fall within the rule of *Flansberg v. Paulson,* supra, and that the verdict for special damages only was improper. The trial court should not have entered the verdict.

Reversed and remanded for a new trial.

O'CONNELL, C. J., dissenting.

I dissent for the reasons stated in my dissenting

opinion in *Flansberg v. Paulson,* 239 Or 610, 618, 399 P2d 356, 360 (1965). Regardless of what refinements this court makes in distinguishing general and special damages, the present case, as well as our previous cases, demonstrates that juries view plaintiff's damages as an indivisible unit rather than a composite of the separate legal elements of general and special damages.

There is no reason why a jury should not be permitted to measure defendant's fault solely in terms of plaintiff's medical costs or other items which are denominated special damages, even though the plaintiff received injuries which caused him pain and suffering.

We took a step forward in *Saum v. Bonar,* 258 Or 532, 484 P2d 294 (1971); we should now go the whole way and permit the jury to fix the measure of damages without referring to the type of damage which is being allowed.

DENECKE, J., dissenting.

In view of our inability to solve this problem by using the traditional rules, I join the proposal made by Chief Justice O'CONNELL in his dissent.