Argued and submitted November 8, 2005, affirmed September 20, petition for review denied December 5, 2006 (342 Or 116)

Daryoush FATEHI,
*Appellant,*

*v.*

Gregory JOHNSON,
*Respondent.*

0210-10156; A125099

143 P3d 561

Willard E. Merkel argued the cause for appellant. With him on the briefs was Merkel & Associates.

James B. Rich argued the cause for respondent. With him on the brief was Harris, Wyatt & Amala, L.L.C.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals from a judgment on a jury verdict in his favor in a negligence action that awarded him $10,000 in economic damages but did not award him any noneconomic damages. Plaintiff maintains that, on the basis of defendant's response to his request for admissions, he was entitled to an award of noneconomic damages as a matter of law. Alternatively, plaintiff argues that a verdict for economic damages only is improper on the facts of this case. We affirm.

On March 22, 2002, defendant ran a stop sign and drove his vehicle into the taxicab that plaintiff was driving. Plaintiff did not seek medical treatment until 10 days after the accident, when he went to see the chiropractor to whom his attorney had referred him. The chiropractor treated plaintiff for soft tissue injuries in the neck and back. Plaintiff brought this action to recover economic damages of $11,002 for his medical bills and noneconomic damages for his pain and suffering from his injuries.

In the course of this litigation, plaintiff served on defendant a request for admissions under ORCP 45. Among other things, plaintiff asked defendant to admit that his negligence caused the accident and that, as a result of the accident, plaintiff was injured. Defendant admitted that his negligence caused the accident, but in response to plaintiff's request that he admit that plaintiff was injured as a result of the accident, defendant qualified his response by admitting that "plaintiff sustained *some minor physical injury* in the accident." (Emphasis added.) However, in response to plaintiff's request that he admit that plaintiff sustained noneconomic damages as a result of the accident, defendant denied that plaintiff sustained any such damages.

At trial, plaintiff's chiropractor testified that plaintiff suffered moderate to slightly severe injuries to his neck and back in the accident. The chiropractor's diagnosis was based on plaintiff's complaints of pain and on x-rays and other tests. On cross-examination, the chiropractor testified that plaintiff had told him that he had been involved in only one prior accident in 1997, when in fact plaintiff had been involved in auto accidents in 1993, 1995, 1996, 1997, 1998,

and 2001. Through the introduction of plaintiff's medical records, defendant established that plaintiff had suffered injuries similar to those at issue in this case in at least the 1993, 1995, and 1997 accidents. The chiropractor further testified that plaintiff's attorney had referred plaintiff to him and that he and plaintiff's attorney referred approximately 50 clients a year to each other.

Plaintiff testified that he experienced pain for a few days after the accident that rated a four or five on a scale of one to ten, where ten is the worst pain. He further testified that he continued to experience pain throughout his treatment with his chiropractor, a period of approximately five months, and that he was still experiencing pain about once a month at the time of trial, two years after the accident.

On cross-examination, defendant impeached plaintiff's credibility by introducing excerpts of plaintiff's deposition into the record. In that deposition, plaintiff had stated, under oath, that he had been involved in only one prior automobile accident, that he had never previously injured his neck or back, and that he had never previously complained to a doctor about his neck. Through plaintiff's medical records, defendant established that none of those statements was accurate. Plaintiff testified that, at his deposition, he should have testified that he did not remember any other accidents or injuries other than the 1997 accident.

At the close of evidence, plaintiff moved for a directed verdict on the question whether he was entitled to noneconomic damages as a matter of law as a result of defendant's admissions. The trial court denied that motion. Plaintiff also requested the following instruction:

"Defendant has admitted that he is liable to Plaintiff for causing the accident. The defendant has also admitted that he caused injury to plaintiff. Accordingly, your verdict must include an award for economic and non-economic damages to the Plaintiff * * *."

The trial court refused that request and instead instructed the jury that

"[D]efendant * * * has admitted that he was negligent and that his negligence caused the accident. [Defendant] has

also admitted that [plaintiff] sustained some minor physical injury in the accident. The issue for you to decide is the extent of the injuries [plaintiff] sustained as a result of the accident, and the amount *if any* [of] damages to be awarded to him."

(Emphasis added.)

After the jury returned a verdict awarding plaintiff $10,000 in economic damages but no noneconomic damages, plaintiff objected to the verdict and moved the court to reinstruct the jury that it must award some noneconomic damages. The trial court denied that motion and accepted the jury's verdict. On appeal, plaintiff assigns error to those three rulings.

■ All of plaintiff's assignments of error present the same basic question: Whether plaintiff was entitled to noneconomic damages as a matter of law. We review for legal error, "look[ing] at the evidence in the light most favorable to defendant." *Wheeler v. Huston*, 288 Or 467, 483, 605 P2d 1339 (1980).

Plaintiff makes alternative arguments. First, he argues that defendant's admission that plaintiff incurred "some minor physical injury" in the accident entitles him to recover noneconomic damages. Alternatively, he argues that, even if the admission does not have that effect, an award for only economic damages is not appropriate in this case under the test from *Wheeler*.

In *Wheeler*, the Supreme Court summarized and synthesized its "protracted labors for a satisfactory solution" to the problem of jury verdicts that award a plaintiff economic damages but do not award any noneconomic damages.[1] The "thorny problems" presented by those verdicts

---

[1] Those verdicts are sometimes described as "specials only verdicts." Many of the older cases use the terms "general damages" and "special damages." At issue in this case are solely medical bills, which are classic special damages, and damages for pain and suffering, classic general damages. Today, those types of damages are classified as economic and noneconomic damages, respectively. ORS 31.710.

For the sake of clarity, we provide the definitions of economic and noneconomic damages from ORS 31.710(2):

"(a) 'Economic damages' means objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services, burial

stem from the historical rule that a plaintiff could not recover economic damages unless the jury also awarded him noneconomic damages. *See, e.g., Hall v. Cornett et al.*, 193 Or 634, 645, 240 P2d 231 (1952). However, in the 1970s, the Supreme Court began carving out exceptions to that rule. We will not recount the whole history in this opinion; the Supreme Court undertook that endeavor in *Wheeler*. *See* 288 Or at 471-78. However, we will discuss relevant facts and reasoning of certain cases as necessary in our analysis of the questions presented by this case.

In *Wheeler*, the Supreme Court set forth the following rule explaining the circumstances under which there can be a verdict for a plaintiff that awards economic but not noneconomic damages:

"If there is a question whether *any* [noneconomic] damages were sustained, the jury may conclude that the plaintiff suffered no [noneconomic] damages but did reasonably incur wage loss and/or medical expense. Such verdicts are valid and include cases in which (a) the plaintiff's evidence of injury is subjective, (b) there is evidence that the plaintiff's injuries for which [noneconomic] damages are claimed were not caused by the accident, and (c) the objective evidence of a substantial injury sustained by plaintiff is controverted

and memorial expenses, loss of income and past and future impairment of earning capacity, reasonable and necessary expenses incurred for substitute domestic services, recurring loss to an estate, damage to reputation that is economically verifiable, and reasonable and necessarily incurred costs due to loss of use of property and reasonable costs incurred for repair or for replacement of damaged property, whichever is less.

"(b) 'Noneconomic damages' means subjective, nonmonetary losses, including but not limited to pain, mental suffering, emotional distress, humiliation, injury to reputation, loss of care, comfort, companionship and society, loss of consortium, inconvenience and interference with normal and usual activities apart from gainful employment."

Historically, damages for loss of wages were characterized as general damages, but the statute classifies them as economic damages. *Bass v. Hermiston Medical Center, P.C.*, 143 Or App 268, 270 n 1, 922 P2d 708 (1996). However, lost wages are not at issue in this case. Therefore, we assume, for purposes of this case, that the "general damages" to which the older cases refer are the "noneconomic damages" to which ORS 31.710 refers, and that "special damages" equate with "economic damages." *See Building Structures, Inc. v. Young*, 328 Or 100, 104-05, 968 P2d 1287 (1998) (modifying quotation from prior case to replace references to general and special damages with the more modern references to noneconomic and economic, respectively).

by other competent evidence, or could be disbelieved by the trier of fact."

*Id.* at 479 (emphasis in original). What that rule does not tell us explicitly is what to do when *injury* is admitted, but noneconomic damages are disputed.

The *Wheeler* rule applies where "there is a question whether *any* [noneconomic] damages were sustained." *Id.* Plaintiff argues that, because defendant admitted that plaintiff suffered "some minor physical injury" in the accident, there is no question here about whether plaintiff sustained *any* noneconomic damages.[2] However, that argument begs the question that the *Wheeler* rule does not explicitly address, namely, whether "injury" equates with "damages." Phrased another way, the question begged by plaintiff's argument is whether every injury, no matter how minor, entitles a plaintiff to recover noneconomic damages.

Plaintiff relies on language from *Hall* to support his position. In *Hall*, the Supreme Court explained that

"[i]t is unnecessary to say that, if there was liability, [the plaintiff] was entitled to general compensatory [noneconomic] damages. This court has said: '* * * Some damages are always presumed to follow from the violation of any right or duty implied in law. * * *' *Smith v. Pallay et al.*, 130 Or 282, 279 P 279 [(1929)]. But this rule must be understood in connection with another. In a case of personal injury, caused by common-law negligence, such as is alleged here, an actor is liable only if he invades an interest which the law protects against unintended invasion. Damage is the gravaman of such an action for negligence. Negligent contact with the person of another, causing no physical damage[,] is not actionable. That is to say, no right of the plaintiff is invaded in such a case unless actual damage is done."

---

[2] The foundation of plaintiff's argument is ORCP 45 D, which provides:

"Any matter admitted pursuant to this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

The court did not permit defendant to withdraw or amend the admission. Thus, it is conclusively established for purposes of this case that plaintiff suffered "some minor physical injury" as a result of the accident.

193 Or at 643. If *Hall* were the last word on the subject, then plaintiff probably would carry the day. However, as explained in *Wheeler*, the landscape has changed since *Hall*. Our analysis, based on the logical implications of the case law, leads us to conclude that *Wheeler* and its progenitors implicitly overruled *Hall* to the extent that it stood for the proposition that plaintiff claims it does.

■ As any first-year law student can tell you, injury is an element of negligence. Even under the rule from *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 17, 734 P2d 1326 (1987)—the quintessential Oregon negligence case—injury is required.

> "In short, unless the parties invoke a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty, the issue of liability for *harm* actually resulting from defendant's conduct properly depends on whether that conduct unreasonably created a foreseeable risk to a protected interest *of the kind of harm that befell the plaintiff.*"

*Id.* (emphasis added). "Proof of negligence in the air, so to speak, will not do." *Cutsforth v. Kinzua Corp.*, 267 Or 423, 432, 517 P2d 640 (1973) (internal quotation marks omitted). Thus, there must be some kind of injury in order for a defendant to be liable for negligence. That part of *Hall* is still good law. 193 Or at 643 ("Negligent contact with the person of another, causing no physical damage[,] is not actionable. * * * [N]o right of the plaintiff is invaded * * * unless actual damage is done."). The logical extension of that rule is that, even in the circumstances identified in *Wheeler* in which a verdict for economic damages only is proper, there must be an underlying injury or harm on which to hang the damages. That is, a defendant cannot be liable for damages incurred in the treatment of an injury that he did not cause.

In the cases on which *Wheeler* is founded, and in *Wheeler* itself, the plaintiff recovered treatment costs. The only logical conclusion is that, in those cases, there was some physical injury that the plaintiff incurred costs to treat, but that injury was not substantial enough, in the quantitative

sense of that word, to entitle the plaintiff to noneconomic damages.[3]

Other cases support that conclusion. In *Saum v. Bonar*, 258 Or 532, 484 P2d 294 (1971), the first case in which the Supreme Court allowed a verdict for economic damages only to withstand appellate scrutiny, the plaintiff claimed to have suffered soft tissue injuries and a broken tooth in an automobile accident. Prior to trial, the defendant had paid the plaintiff $3,050 for lost wages. The plaintiff's doctors testified that their diagnosis and treatment of the plaintiff was based on the plaintiff's subjective complaints. After discussing cases in which courts in other jurisdictions had allowed the plaintiffs to recover their medical bills even in the absence of any physical injury, the Supreme Court explained that it need not decide whether to adopt such a rule in Oregon because in *Saum* "the jury could have found *either* that plaintiff suffered no substantial injuries or that although he suffered some injuries, he was more than properly compensated for any such general damage by payment prior to trial of $3,050 for lost wages which he did not in fact sustain, at least in that amount." *Id.* at 541-42 (emphasis in original); *accord Chopp v. Miller*, 264 Or 138, 144, 504 P2d 106 (1972) (explaining that in *Saum* the court "held that in circumstances similar to [those in *Chopp*] medical expenses could be recovered even when the injuries were not sufficiently extensive to merit a finding of general [noneconomic] damages"). On that ground, the court deviated from the historical rule that awards of economic damages must be accompanied by awards of noneconomic damages and sustained the jury's verdict for only economic damages.

---

[3] We reach that conclusion notwithstanding the court's statement in *Wheeler* that the court "believe[d] that the jury could properly have found that the plaintiff's injuries were not caused by the accident." 288 Or at 483. If the jury had concluded that the plaintiff's injuries were not caused by the accident, then it would have been inappropriate for the jury to award the plaintiff damages for the treatment of those injuries, as opposed to damages for medical bills incurred to determine whether the plaintiff was, in fact, injured. That would have been an inconsistent verdict, so we do not read the above statement to mean that the court believed that the jury in *Wheeler* did, in fact, conclude that the injuries were not related to the accident. Rather, we read the statement simply to mean that the evidence before the jury was such that it *could* have concluded that the plaintiff's injuries were not caused by the accident.

The court reached a similar conclusion in *Eisele v. Rood*, 275 Or 461, 468, 551 P2d 441 (1976). In *Eisele*, the "plaintiff's complaints were largely subjective in nature and his credibility was seriously in question. * * * The testimony of plaintiff's chiropractor was based primarily upon plaintiff's subjective complaints, and those symptoms which were objectively manifested were diagnosed as unrelated to the accident in question by the only medical doctor who testified." *Id.* at 467-68. Based on that record, the court concluded that

> "[t]he jury was entitled to conclude that [the plaintiff] greatly exaggerated the extent of his injuries. * * * Under these circumstances, the jury could well have concluded that plaintiff did not suffer any *substantial injury* as a result of the collision and, therefore, was not entitled to an award of damages for pain and suffering."

*Id.* (emphasis added).

■ In short, the case law says that the mere existence of an injury is not sufficient to require an award of noneconomic damages. Rather, the plaintiff must have suffered a substantial, as opposed to minor, injury before he is necessarily entitled to recover for pain and suffering.

*Beranek v. Mulcare*, 269 Or 324, 524 P2d 1214 (1974), is consistent with that conclusion, notwithstanding plaintiff's assertions to the contrary. Plaintiff points out that, in *Beranek*, the defendant admitted that the plaintiff had incurred " 'some' injury" in the accident, which controverted the extent of the injuries, and that the court held that an economic damages-only verdict was inappropriate in that case. *See id.* at 326.

■ However, there was also uncontroverted evidence of a substantial injury in *Barenek*. Specifically,

> "there was uncontroverted evidence that plaintiff was hospitalized for five days with his leg elevated and that he was in some pain at that time. There was also evidence that he was at home in bed with his leg elevated for three weeks and that he would have some permanent scars on his leg."

*Id.* The court concluded that the verdict awarding the plaintiff economic damages only was improper based on that evidence. *Id.* In light of that, we doubt that the *Barenek* court

would have found the economic damages-only verdict improper based solely on the defendant's admission of the existence of " 'some' injury." Furthermore, to give *Barenek* the meaning that plaintiff would have us give it would render it inconsistent with cases such as *Eisele*, where the court allowed a verdict for economic damages for the treatment of injuries but did not require an award of noneconomic damages. *Eisele*, 275 Or at 464-65. In short, defendant's admission here that plaintiff suffered "some minor physical injury" did not automatically entitle plaintiff to noneconomic damages. Thus, there is a question as to whether plaintiff incurred any noneconomic damages, and it is proper to apply the *Wheeler* test to this case.

For convenience, we restate the *Wheeler* test:

> "If there is a question whether *any* [noneconomic] damages were sustained, the jury may conclude that the plaintiff suffered no [noneconomic] damages but did reasonably incur wage loss and/or medical expense. Such verdicts are valid and include cases in which (a) the plaintiff's evidence of injury is subjective, (b) there is evidence that the plaintiff's injuries for which [noneconomic] damages are claimed were not caused by the accident, and (c) the objective evidence of a substantial injury sustained by plaintiff is controverted by other competent evidence, or could be disbelieved by the trier of fact."

288 Or at 479 (emphasis in original).[4] For the reasons that follow, we conclude that the jury's verdict for only economic damages was valid under the *Wheeler* test.

First, plaintiff's evidence of his pain and suffering was largely subjective, based on his own rating of his pain. Frankly put, in light of defendant's impeachment evidence, plaintiff was not the most credible of witnesses.

Second, defendant introduced evidence that plaintiff had been involved in at least six automobile accidents prior to the one that produced this litigation, the most recent occurring less than a year before this accident. From that evidence,

---

[4] We note that, although *Wheeler* used the connector "and" to link the three sets of circumstances, it used the term in the disjunctive sense. *See, e.g., Hovey v. Davis*, 120 Or App 425, 428-29, 852 P2d 929, *rev den*, 318 Or 26 (1993) (stating the test in the disjunctive).

the jury could have concluded that the full extent of plaintiff's claimed injuries was not caused by this accident.

Finally, even assuming that some of plaintiff's evidence of his injury such as the x-rays and other tests is objective evidence, the jury could disbelieve that evidence. In *Rickard v. Ellis*, 230 Or 46, 52, 368 P2d 396 (1962)—a case involving an automobile accident and a claim of injuries similar to those claimed by plaintiff here—the Supreme Court stated that one of the factors to consider in determining whether a jury could disbelieve evidence is "the likelihood that the witness's interest in the litigation may tempt him to testify falsely." In *Rickard*, the court observed that, in measuring the inferences to be drawn from the evidence, it is appropriate for the jury to consider "the fact that damage claims for back and neck injuries are frequently made by malingerers, or that persons who have an interest in the outcome of litigation (including medical witnesses) frequently exaggerate the seriousness of an injury and occasionally fabricate one where none exists." *Id*. at 54.

Plaintiff introduced evidence of his x-rays and orthopedic tests through the testimony of his chiropractor. For example, the chiropractor testified that he could tell from the curvature of plaintiff's neck vertebrae in an x-ray that plaintiff was suffering from muscle spasms in his neck.

However, plaintiff's chiropractor could have been thought by the jury to have an interest in the outcome of the litigation that may have tempted him to exaggerate plaintiff's injuries. By his own testimony, plaintiff's chiropractor admitted that he and plaintiff's attorney routinely referred a significant number of clients to each other every year. Thus, the jury could properly infer that the chiropractor was motivated to persuade the jury to deliver a substantial verdict for plaintiff in order to maintain his referral relationship with plaintiff's attorney. Thus, on the facts of this case, the jury could have disbelieved some of the objective evidence of plaintiff's injuries.

In sum, defendant's admission that plaintiff suffered "some minor physical injury" did not entitle plaintiff to recover noneconomic damages and, on the facts of this case, a verdict that awarded plaintiff economic damages only was

valid under *Wheeler*.[5] For those reasons, the trial court did not err in denying plaintiff's motion for directed verdict, in refusing to instruct the jury that they must award plaintiff noneconomic damages, or in refusing to reinstruct the jury after it returned a verdict for economic damages only.

Affirmed.

---

[5] Plaintiff does not argue that the substantial amount of his economic damages award—$10,000—has any effect on the applicable analysis. Thus, we do not consider what effect the size of an award of economic damages has on the validity of a verdict for economic damages only.