Argued and submitted July 9, reversed and remanded December 10, 2008

Marianna MAYS,
*Plaintiff-Appellant,*

*v.*

Samira VEJO,
*Defendant-Respondent.*

Washington County Circuit Court
C062169CV; A135680

198 P3d 943

Michael H. Bloom argued the cause for appellant. With him on the briefs was Michael H. Bloom, P.C.

Larry Dawson argued the cause for respondent. With him on the brief was Dawson & Dawson, P.C.

Before Haselton, Presiding Judge, and Rosenblum, Judge, and Riggs, Senior Judge.

ROSENBLUM, J.

**ROSENBLUM, J.**

Plaintiff appeals a judgment entered following a trial in which the jury awarded her $3,103.30 in economic damages and $1.00 in noneconomic damages arising from a car accident. Plaintiff advances three assignments of error. First, she assigns error to the trial court's refusal to resubmit the verdict to the jury with a clarifying instruction regarding the award of noneconomic damages. Second, she assigns error to the trial court's denial of her motion for a new trial. In essence, her position as to both the first and second assignments is the same—that because $1.00 constitutes only nominal (no) damages, the jury failed to follow Uniform Civil Jury Instruction (UCJI) 70.04, given by the trial court without objection, thereby rendering the verdict invalid. Because we reverse on the basis of the first two assignments of error, we do not reach plaintiff's third assignment of error, regarding the admissibility of photographs of property damage.

The facts relevant to our review are undisputed. Plaintiff was a passenger in a car that was rear-ended by a car driven by defendant. Defendant admitted liability for the accident and paid for repairs to the car that plaintiff was riding in, but the parties could not agree on the extent of plaintiff's injuries. Both of plaintiff's expert witnesses agreed that the accident caused plaintiff to incur cervical strain, migraine headaches, and ocular migraines. Defendant's expert, Dr. Sean Green, disagreed, noting that plaintiff had suffered from migraine headaches before the accident, that those and her ocular migraines were likely not caused by the accident, and that her neck injury was minor. Green acknowledged that plaintiff's neck injury was likely caused by the accident, that soft tissue neck injuries can cause migraine headaches, and that a minor head injury or trauma can cause an exacerbation of migraine symptoms among individuals already prone to migraines. He further testified that post-traumatic migraine headaches and ocular migraines usually develop within two weeks, and he commented that plaintiff did not seek medical treatment for her ocular migraines until four weeks after the accident.

Plaintiff requested and the trial court gave, without objection from defendant, UCJI 70.04, which states, "If you

find that the plaintiff is entitled to recover economic damages, you must award some noneconomic damages." When the court announced the verdict, plaintiff requested that the jury be sent back for further deliberations and that it be reinstructed as to the law regarding returning a verdict for noneconomic damages if the jury awards economic damages. She asserted that an award of $1.00 is an award of nominal damages and, therefore, the jury's verdict was contrary to the law and the jury instruction given by the trial court. The trial court concluded that an award of $1.00 was "some damages" and that the verdict complied with UCJI 70.04. In so ruling, the court stated:

> "I think Mr. Dawson [defendant's attorney] is correct in - you know, we told them they had to do some amount and that's the amount they came up with. I suppose the Court of Appeals can correct me if I'm wrong on it, but I'm 51 percent sure I'm right. That's about all I can say at this point."

Plaintiff thereafter moved for a new trial, renewing her argument that the verdict was invalid and contrary to the law of the case as set forth in UCJI 70.04. The trial court denied the motion, and plaintiff filed the present appeal.

■     As plaintiff asserts, a jury generally may not award economic damages in a negligence action without also awarding some noneconomic damages. *See, e.g., Hall v. Cornett*, 193 Or 634, 643-46, 240 P2d 231 (1952). UCJI 70.04 was promulgated by the Oregon State Bar Committee on Uniform Civil Jury Instructions pursuant to that well-established doctrine. The exception to that general rule can be found in *Wheeler v. Houston*, 288 Or 467, 479, 605 P2d 1339 (1980), in which the Supreme Court held that a jury verdict of economic damages without noneconomic damages may be valid in cases where evidence of the plaintiff's injury is purely subjective, the defendant's evidence indicates that the plaintiff's injury is not caused by the accident, and the objective evidence of a substantial injury is controverted by other competent evidence or could be disbelieved by the jury.[1] Because that

---

[1] In *Fatehi v. Johnson*, 207 Or App 719, 729, 143 P3d 561 (2006), we noted that, although *Wheeler* used the connector "and" to link the three sets of circumstances, it used the term in the disjunctive sense. That is, the exception applies when any of the three circumstances listed in *Wheeler* exists.

exception conflicts with the language of UCJI 70.04, the comment associated with the uniform instruction states that the instruction should not be given when the conditions described in *Wheeler* exist.[2]

On appeal, plaintiff asserts that the trial court erred in accepting the jury's verdict awarding economic damages with only nominal noneconomic damages. Defendant responds by arguing that the $1.00 in noneconomic damages complied with the instruction to award "some" noneconomic damages if awarding economic damages. In the alternative, defendant asserts that plaintiff invited the error in her closing argument. Defendant also argues that the evidence at trial would have supported a conclusion by the jury that one of the exceptions found in *Wheeler* applied.

■■ We begin with the last point—that the jury's verdict was valid because one of the *Wheeler* exceptions applied. The problem with that argument is that defendant failed to object to the uniform instruction—and, consequently, she does not (and cannot) cross-assign error to it now. As the Supreme Court held in *Columbia Co. v. Ross Island Co.*, 145 Or 96, 108-09, 25 P2d 911 (1933), "[i]t is settled law that the charge of the court to the jury, without objections or exceptions thereto, whether right or wrong, becomes the law of the case." In the context of UCJI 70.04 and in keeping with that general principle, we have held that a plaintiff waived her objection to a verdict awarding only economic damages by failing to either request this instruction or move for a directed verdict on the issue. *Bass v. Hermiston Medical Center, P.C.*, 143 Or App 268, 273, 922 P2d 708 (1996). Put simply, "the rule as stated in this instruction, to which both parties agreed, became binding upon both of them as the 'law of the case.'" *Wampler v. Sherwood*, 281 Or 261, 267, 574 P2d 319 (1978) (holding that the actual requirements of the relevant law do not control where the instruction approved by both parties

---

[2] The comment to UCJI 70.04 provides:

"This instruction should not be given when one of the following conditions exists: the plaintiff's evidence of injury is subjective; or evidence is introduced that the plaintiff's injuries for which damages are sought were not caused by the accident; or the objective evidence or an injury sustained by the plaintiff is controverted by other competent evidence or could be disbelieved by the jury."

(Citations omitted.)

fails to include one of the requirements). In view of defendant's failure to object to the instruction, we decline to review the record to determine whether any of the *Wheeler* exceptions might have applied here. In short, we reject defendant's argument that there was evidence to support awarding only economic damages.

■ ■　We next turn to defendant's argument—and trial court's conclusion—that the jury's verdict complied with UCJI 70.04, which is a question of law. As discussed above, the trial court accepted the jury's verdict and denied plaintiff's motion for a new trial based on its conclusion that the jury had followed the instruction to award "some noneconomic damages" when it awarded $1.00 in noneconomic damages. However, an award of $1.00 is considered to be an award of only nominal damages. *Frazee v. Brazda*, 239 Or 624, 627, 399 P2d 346 (1965) ("Nominal damages are usually defined as a trivial sum and are usually represented by a judgment for one dollar or a lesser sum."). In *Hall*, the Supreme Court held an award of $1,006.40 in economic damages and $1.00 in noneconomic damages to be tantamount to an award of only economic damages. 193 Or at 644 ("Nominal damages means no damages at all."). It follows that, because the jury's award of $1.00 in noneconomic damages herein was "no damages at all," it could not constitute an award of "some noneconomic damages." The trial court should have sent the jury back to deliberate further, with a clarifying instruction to the effect that an award of $1.00 is an award of nominal damages and does not comply with UCJI 70.04. *See Flansberg v. Paulson*, 239 Or 610, 612, 399 P2d 356 (1965); *Hall*, 193 Or at 636-37. The trial court erred as a matter of law when it accepted the jury's verdict as valid and, further, when it refused to order a new trial. *See Heise v. Pilot Rock Lumber Co.*, 222 Or 78, 100, 352 P2d 1072 (1960).

■　We briefly address defendant's argument that plaintiff invited the error when her attorney stated, in closing argument, "If you think she's lying [about not having migraine headaches before the accident], don't award her damages for that." Plaintiff's claim for damages for her migraine headaches was complicated by evidence that she may have suffered from that type of headache before the accident, in contrast to her ocular migraines and the cervical

strain, which more clearly occurred only after the accident. We do not agree that counsel's comment in that regard invited the jury to disregard the trial court's damages instruction. Instead, we find it to be a rather candid acknowledgment of a potential area of disagreement among the jurors—that, in any event, the jury might see fit to award plaintiff compensation for her other injuries if it found that plaintiff's migraine headaches were not caused by the accident.

In sum, having been instructed, without objection, that it must award some noneconomic damages if it chose to award economic damages, the jury found that plaintiff suffered an injury due to defendant's negligence that caused her more than $3,000 in economic damages. At the same time, the jury found that plaintiff should not be compensated for her noneconomic damages. The verdict was invalid. The trial court erred when it declined to reinstruct the jury and instead accepted the verdict. The court likewise erred in denying plaintiff's motion for a new trial. There was no invited error on the part of plaintiff. It follows that plaintiff is entitled to a new trial.

Reversed and remanded.