Argued and submitted November 13, 2008, affirmed August 5, petition for review denied December 9, 2009 (347 Or 365)

Pam M. WILLIAMS,
*Plaintiff-Appellant,*

*v.*

Kristie A. FUNK,
*Defendant-Respondent.*

Douglas County Circuit Court
06CV3105CC; A136778

213 P3d 1275

Derek Snelling argued the cause and filed the briefs for appellant.

Donald Johnson argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

.

**ARMSTRONG, J.**

Plaintiff appeals a judgment entered on a jury verdict in an action for damages arising out of a car accident. The jury awarded plaintiff $4,443.94 in economic damages but did not award any noneconomic damages. On appeal, plaintiff asserts several assignments of error, all of which present the question whether plaintiff was entitled to receive some noneconomic damages, as a matter of law. For the reasons that follow, we affirm.

Plaintiff and defendant were in a car accident. Defendant stopped her car at a stop sign and, failing to see plaintiff's car, defendant drove her car into traffic and struck the side of plaintiff's car. Plaintiff's car was travelling around 35 miles per hour at impact, and, when struck, it became airborne, flipped, slid on its roof, and flipped upright onto its wheels.

Police and emergency medical personnel arrived at the accident and found plaintiff alert with some minor cuts on her arms from broken glass and complaining of head pain; plaintiff denied feeling any neck or back pain. Plaintiff was transported to a hospital by ambulance. At the hospital emergency room, plaintiff complained of pain in her neck and the top of her head. A CT scan of her head and x-rays of her chest and spine showed no injuries. The emergency room physician who treated plaintiff concluded that plaintiff's injuries consisted of "multiple contusions and abrasions," and noted that there was no evidence of soft tissue injury in the back. Plaintiff was ambulatory without discomfort and was discharged with oral medication for pain.

After the accident, plaintiff complained of bruising and a sore shoulder, back, and neck. Plaintiff sought treatment from a chiropractor and a massage therapist. She also sought treatment from a counselor, who diagnosed her with Post-Traumatic Stress Disorder (PTSD).

Plaintiff filed this personal injury action, seeking $13,881.90 in economic damages and $125,000 in noneconomic damages. At trial, plaintiff asked the court to instruct the jury as to Uniform Civil Jury Instruction (UCJI)

70.04, which provided,[1] "[i]f you find that the plaintiff is entitled to recover economic damages, you must award some noneconomic damages." The court denied plaintiff's request, and plaintiff excepted to the court's ruling.

As the trial court reasoned,

"under the [*Wheeler*] case, [*Wheeler v. Huston*, 288 Or 467, 483, 605 P2d 1339 (1980)], as explained to us in the [*Fatehi*] case, * * * [*Fatehi v. Johnson*, 207 Or App 719, 723, 143 P3d 561, *rev den*, 342 Or 116 (2006)], that instruction is not to be given where it can be said or argued that the plaintiff's evidence of injury is subjective. And I think that—I think this case falls within those parameters. That does not mean that I am saying that plaintiff's injury is any less real. * * * However, it's jury work, not Judge work, to make those determinations. Secondly, there is evidence that the plaintiff's injuries for which non-economic damages [are claimed] were not caused by the accident. I think under the circumstances of the defense case, a jury could believe that whatever psychic injuries she has are not caused by this accident, they come from something else. Is that what I would find? No. But the jury could do that under all the circumstances. And lastly, the objective evidence of the substantial injury sustained by the plaintiff is controverted. In this case the PTSD is controverted. The chiropractor's testimony is controverted. And a jury could find special damages but no non-economic damages. Is that what I would do? No. However, I'm not the fact finder here."

The jury was instructed about economic damages and noneconomic damages and returned a verdict for plaintiff, awarding $4,443.94 in economic damages and no noneconomic damages.

Plaintiff filed this appeal, assigning error to the trial court's denial of her request to give UCJI 70.04. Plaintiff also argues that her request to give UCJI 70.04 constituted a motion for a partial directed verdict on damages and assigns error to denial of that motion. Plaintiff's third assignment of error charges that the court erred when it denied her request to reinstruct the jury after it returned its verdict. Finally, plaintiff's fourth assignment of error asserts that the court

---

[1] We discuss UCJI 70.04 in the past tense because the Uniform Civil Jury Instructions Committee withdrew that instruction in November 2008.

erred in denying her motion for a new trial, which was based on a contention that the court had erred in accepting an improper verdict that did not include an award of noneconomic damages. We reject plaintiff's second assignment of error because, in this context, the proper way to achieve what plaintiff sought to achieve was through a peremptory instruction on damages, that is, through an instruction such as UCJI 70.04, which is the subject of the first assignment of error. *See Dept. of Transportation v. DuPree*, 154 Or App 181, 183 n 2, 961 P2d 232, *rev den*, 327 Or 621 (1998), *cert den*, 526 US 1019 (1999). The remaining assignments all raise the issue whether plaintiff was entitled to receive an award of noneconomic damages as a matter of law. We review for errors of law, construing the evidence in the light most favorable to defendant. *Fatehi*, 207 Or App at 723 (citing *Wheeler*, 288 Or at 483).

UCJI 70.04 stated the long-standing rule in Oregon that an award of economic damages must be accompanied by an award of noneconomic damages. *Cf. Mays v. Vejo*, 224 Or App 426, 429-30, 198 P3d 943 (2008), *rev den*, 346 Or 213 (2009) (describing, generally, this rule and the exceptions announced in *Wheeler*, but concluding that the defendant failed to preserve his challenge to UCJI 70.04). In *Wheeler*, the Oregon Supreme Court synthesized developing case law and announced three exceptions to the general rule, where awards of economic damages *only* are proper:

> "If there is a question whether *any* [noneconomic[2]] damages were sustained, the jury may conclude that the plaintiff suffered no [noneconomic] damages but did reasonably incur wage loss and/or medical expense. Such verdicts are valid and include cases in which (a) the plaintiff's evidence of injury is subjective, (b) there is evidence that the plaintiff's injuries for which [noneconomic] damages are claimed were not caused by the accident, [or[3]] (c) the objective

---

[2] In *Wheeler*, the jury awarded special damages but not general damages. Here, to avoid confusion, we have used the contemporary terms economic and noneconomic damages in our discussion of that case. *See Fatehi*, 207 Or App at 723-24 n 1.

[3] Even though *Wheeler* used the conjunctive "and" to link the three circumstances where a stand-alone award of economic damages is permissible, the three circumstances are disjunctive. *Fatehi*, 207 Or App at 729 n 4. Accordingly, we have made that change here for clarity.

evidence of a substantial injury sustained by plaintiff is controverted by other competent evidence, or could be disbelieved by the trier of fact."

*Wheeler*, 288 Or at 479 (footnote omitted) (emphasis in original).

In *Wheeler*, the plaintiff was a milkman who had fallen while making deliveries to the defendants. The defendants denied responsibility, denied that the plaintiff was injured, and claimed that the plaintiff also was at fault. The jury found in favor of the plaintiff and awarded medical expenses and lost wages but no noneconomic damages. The court then reinstructed the jury that they could not award economic damages without an award of noneconomic damages. The jury resumed deliberations and later returned a verdict awarding both economic and noneconomic damages to the plaintiff. The defendants appealed, assigning error to the court's refusal to receive the first verdict. The Supreme Court reversed and announced the rule quoted above that permits an award of economic damages without noneconomic damages under the circumstances that it specified.

In *Wheeler*, the court explained that a verdict for economic damages only was permissible because "[w]hether the plaintiff * * * sustained any [noneconomic] damages * * * was disputed, as was the amount of the claimed [economic] damages." *Wheeler*, 288 Or at 482. The court reasoned:

"In determining * * * whether there is evidence from which the jury could find that the injury was not caused by the accident, we must look at the evidence in the light most favorable to the defendant. Beyond any question, the amount of claimed [economic] damages was strongly disputed. We believe that the jury could properly have found that the plaintiff's injuries were not caused by the accident."

*Id*. at 483.

In *Fatehi*, the plaintiff was a cab driver who sued the defendant for injuries sustained in a car accident. The defendant admitted liability but contested that the plaintiff had sustained more than "some minor physical injury" and contested the amount of economic and noneconomic damages. At

trial, the defendant introduced evidence that the plaintiff had been in several similar accidents and had lied about that fact in his deposition. Additionally, the plaintiff's chiropractor testified that he and the plaintiff's attorney referred about 50 clients per year to each other. The jury returned a verdict awarding the plaintiff some economic damages but no noneconomic damages, and the trial court accepted the verdict.

On appeal, we explained that *Wheeler* stands for the proposition that a plaintiff in a personal injury action may recover treatment costs where "there was some physical injury * * *, but that injury was not substantial enough, in the quantitative sense of that word, to entitle the plaintiff to noneconomic damages." *Fatehi*, 207 Or App at 726-27 (footnote omitted). Indeed, "the mere existence of an injury is not sufficient to require an award of noneconomic damages. Rather the plaintiff must have suffered a substantial, as opposed to minor, injury before he is necessarily entitled to recover for pain and suffering." *Id.* at 728.

In that case, the plaintiff's evidence of his pain and suffering was largely subjective, the plaintiff had been involved in several other car accidents in addition to the one with the defendant, and, "[f]rom that evidence, the jury could have concluded that the full extent of plaintiff's claimed injuries was not caused by this accident." *Id.* at 729-30. Additionally, even though some of the evidence admitted at trial of the plaintiff's injuries could be considered to be objective evidence, the jury could disbelieve that evidence based on a lack of credibility of the plaintiff's witnesses. *Id.* at 730.

Turning to the present case, we construe the evidence of plaintiff's injuries in the light most favorable to defendant to determine whether there was sufficient evidence from which to require the jury to award some noneconomic damages to plaintiff because of the injuries that she had sustained in the accident with defendant. *Id.* at 723 (citing *Wheeler*, 288 Or at 483). At trial, plaintiff presented evidence of injuries to her head, neck, back, shoulder, arms, and psyche. Defendant vigorously contested the extent of plaintiff's injuries and the extent of her economic damages (challenging, especially, the bills for plaintiff's counselor and

chiropractor). Nearly every piece of evidence of plaintiff's injuries was contested. Ultimately, viewing the evidence in the light most favorable to defendant, the jury could have found that plaintiff had experienced minor and temporary head pain, temporary stiffness and minor discomfort in her neck and shoulder, and some minor cuts and abrasions on her arms.

As we said in *Fatehi*, "the plaintiff must have suffered a substantial, as opposed to minor, injury before [she] is necessarily entitled to recover for pain and suffering." 207 Or App at 728. Because, when viewed in the light most favorable to defendant, the evidence would permit the jury to find that plaintiff had suffered only minor, insubstantial injuries, the jury was not required to award plaintiff noneconomic damages for her injuries. Hence, the trial court did not err in refusing to give UCJI 70.04. In light of that conclusion, we also reject plaintiff's remaining assignments of error, each of which is based on a contention that the jury had to award her noneconomic damages for her injuries.

Affirmed.