Argued and submitted January 22, reversed and remanded August 28, 2013, petition for review allowed April 17, 2014 (355 Or 317)

Amber KENNEDY,
*Plaintiff-Respondent,*

*v.*

Kelsey C. WHEELER,
*Defendant-Appellant,*
*and*

Katie HALL,
*Defendant.*

Yamhill County Circuit Court
CV080512; A149019

309 P3d 196

Michael T. Stone argued the cause and filed the briefs for appellant.

Mark G. McDougal argued the cause for respondent. Natalie McDougal filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

Plaintiff filed a negligence action against defendant, seeking recovery for injuries arising out of an automobile accident involving both parties. The jury found defendant liable and awarded plaintiff both economic and noneconomic damages. After the jury was polled, it became evident that only the same eight jurors agreed on economic and noneconomic damages. On appeal, as before the trial court, defendant argues that, for the verdict to be valid, at least the same nine jurors were required to agree on liability, economic damages, and noneconomic damages. Thus, defendant argues, the trial court erred in receiving the verdict and entering the general judgment. Following our recent opinion in *Congdon v. Berg*, 256 Or App 73, 299 P3d 588 (2013), we conclude that, because the court gave the jury instructions and a verdict form that indicated that at least the same nine jurors were required to agree as to economic and noneconomic damages, that became the law of the case, and the court erred in receiving the jury's verdict when only the same eight jurors agreed on liability, economic damages, and noneconomic damages. We therefore reverse and remand.

Under the Oregon Constitution, in civil cases, "three-fourths of the jury may render a verdict." Or Const, Art VII (Amended), § 5(7); ORCP 59 G(2). When, as here, there is a twelve-person jury, the same nine or more jurors must agree on every interdependent element of a particular claim against a particular defendant. *Sandford v. Chev. Div. Gen. Motors*, 292 Or 590, 613, 642 P2d 624 (1982) ("[T]he same jurors must constitute the three-fourths majority that finds every separate element required for the verdict.").

The relevant facts are procedural and undisputed. Plaintiff and defendant were involved in an automobile accident, and plaintiff subsequently filed suit against defendant for negligence, seeking to recover damages for injuries that she alleged arose out of that incident.[1] Plaintiff alleged that

---

[1] Plaintiff's complaint also alleged a claim against another defendant, Hall, seeking to recover damages for injuries allegedly sustained in a separate automobile accident involving Hall. Although the jury found in plaintiff's favor as to that claim, it is not at issue on appeal.

defendant's negligence caused her economic damages of $85,804.94, representing medical expenses and wage loss; and noneconomic damages of $400,000, representing pain and suffering. In her answer, defendant admitted that she had proceeded through a stop sign, resulting in a collision with other vehicles—including the vehicle in which plaintiff was a passenger—but denied all other allegations in plaintiff's complaint.

The case went to trial on April 26, 2011. At the close of evidence, on April 29, 2011, the trial court read instructions to the jury, including the instruction that "[a]t least the same nine jurors must agree on each answer unless the verdict form instructs you otherwise as to a particular question."[2] In addition, as relevant here, the verdict form that the court gave the jury stated as follows:

*"For questions 1 and 2, at least the same nine jurors must agree on each of the questions that you answer.*

"We, the jury, find:

"1.   Was defendant Wheeler's negligence a cause of damage to plaintiff?

"ANSWER:   ____ (Yes or No)

"If your answer to question 1 is 'yes,' proceed to question 2.

"If your answer to question 1 is 'no,' proceed to question 3.

"2.   What are plaintiff's damages resulting from defendant Wheeler's negligence?

"ANSWER:   Economic Damages        $___

"Noneconomic Damages   $___"

(Emphasis and blank lines in Question Two added.)

Thus, "at least the same nine jurors must agree" on "each answer," as stated in the jury instructions, or "each of the questions that you answer," as stated in the verdict form.

---

[2] Because the trial transcript, which was deemed settled on September 14, 2011, does not include the portion of the trial during which the court delivered the instructions to the jury, the record does not reveal whether defendant objected to any part of the instructions. In any event, defendant does not assign error to the jury instructions.

In order for the same nine jurors to agree on "the answer" to Question 2, they were necessarily required to agree on each of the two subparts to that answer—that is, the amounts of economic and noneconomic damages. *See Congdon*, 256 Or App at 78 (when the trial court instructed the jury that "at least nine of you" must agree on "the answer" to the question of damages, "the answer" encompassed both economic and noneconomic damages).

The jury returned a verdict in plaintiff's favor, awarding economic damages of $65,386.48 and noneconomic damages of $300,000.00. In civil cases, each party may request a poll of the jury to ensure that the verdict is correct. ORCP 59 G(3); *Eisele v. Rood*, 275 Or 461, 468, 551 P2d 441 (1976). After the verdict was read, defendant requested that the court poll the jury. The court conducted a poll and recorded the results, which were attached to and ultimately filed with the verdict. Although the jury unanimously agreed that defendant's negligence was a cause of damage to plaintiff, the jury poll showed that the jurors who agreed on the economic damages award (jurors 2, 4, 5, 6, 7, 8, 9, 10, 11, and 12) were not the same jurors who agreed on the noneconomic damages award (jurors 1, 4, 5, 6, 7, 8, 9, 10, and 11). Thus, there were only eight jurors who agreed on liability, economic damages, and noneconomic damages.

After the jury was polled, and before it was discharged, defendant called the court's attention to the fact that only eight jurors agreed as to the damages portion of the verdict:

"[DEFENSE COUNSEL]: Before you discharge the jury, Judge, I think maybe we should talk about the verdict. I don't think there's nine agreeing, if I counted right.

"* * * * *

"THE COURT: On the first one there were two no's and—that was Number 1 and Number 3; 2, 4, 5, 6, 7, 8, 9, 10, 11, 12 voted yes on the first verdict on the first—on Wheeler with the question as to economic damages. And the Question 2, there was one, two, three no's and nine yes on noneconomic damages.

"[DEFENSE COUNSEL]:   *I think there were only the same eight, however.*

"THE COURT:   Pardon?

"[DEFENSE COUNSEL]:   I think there was only eight that were in agreement.

"THE COURT:   No, there was nine out of the twelve that voted for the unanimous verdict on each answer. They were unanimous yes on the first question on both—first yes question, and nine jurors that voted to the answer yes, that vote for the answer—the question.

"The verdict is accepted. You are free to go. Thank you very much.

"(JURY DISMISSED.)"

(Emphasis added.)

The court thus rejected defendant's concerns and discharged the jury.

Defendant then objected to the court's receipt of the verdict, arguing that the verdict was invalid because only the same eight jurors agreed as to both the economic and noneconomic damages. After hearing argument on the issue, the court overruled defendant's objection, stating,

"I agree with you that there were only eight that answered yes to the same—for the economic and noneconomic damages that answered the same way, and if your theory is that the same nine had to vote on both, then that will have to go up for the appeal because I don't read the statute that—"

The verdict was then filed with the court. On May 4, 2011, defendant filed a document entitled "Objections to Judgment and Motion for New Trial," objecting to the entry of the general judgment and requesting a new trial on the grounds that the same nine jurors failed to agree on economic and noneconomic damages. The court overruled the objections and denied the motion. The court then entered a general judgment based on the verdict.

On appeal, defendant assigns error to (1) the court's entry of the general judgment; (2) the court's receipt of the

verdict; (3) the court's failure to sustain defendant's objection to the verdict after it was received; (4) the court's denial of defendant's objection to entry of the general judgment; and (5) the court's denial of defendant's motion for a new trial. All five assignments of error are premised on a single theory: that, because the same nine jurors failed to agree on "all elements required to sustain the verdict," the verdict is unconstitutional, and a new trial is required. Plaintiff responds that, because the issues of economic and noneconomic damages are independent, the same nine jurors need not agree on them. In reply, defendant contends that economic and noneconomic damages awards are dependent on one another, and therefore require the agreement of the same nine jurors.

Before proceeding to the substance of the parties' arguments, we pause to address the issue of preservation. Plaintiff asserts that defendant failed to adequately preserve the error for review because she failed to (1) plainly tell the court that she objected to the verdict because the same nine jurors did not agree on all questions, (2) request that the jurors be instructed to return and deliberate until the same nine had agreed on the answers to all questions, or (3) object to the release of the jurors.

"Preservation gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal." *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). Upon reviewing the trial transcript, we conclude that defendant adequately preserved the error for appellate review. Defendant told the trial court, "Before you discharge the jury, Judge, I think maybe we should talk about the verdict. I don't think there's nine agreeing, if I counted right. * * * I think there were *only the same eight*, however. * * * I think there was only eight that were in agreement." (Emphasis added.) Defendant's assertions that there were not "nine [jurors] agreeing" and that "only the same eight" were in agreement informed the court that defendant's position was that at least the same nine jurors were required to agree on both elements of damages, and that defendant believed that the verdict was invalid

because "only the same eight" jurors agreed on economic and noneconomic damages. Assuming, without deciding, that defendant was required to object to the verdict before the jury was discharged to preserve that error, we conclude that defendant did so, and with enough specificity to permit the court to identify its alleged error and correct it, if correction were warranted. *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000).

This case does not require us to decide, as a general rule, whether economic and noneconomic damages are independent or interdependent issues. Our decision in *Congdon* demonstrates why. In that case, the jury awarded the plaintiff both economic and noneconomic damages. After the verdict was read, the court polled the jurors via a show of hands, which the defendant argued failed to create an adequate record of whether the same nine jurors agreed on economic and noneconomic damages. The defendant appealed, assigning error to the trial court's refusal to individually poll the jurors. We held that, although the verdict form did not state that the same nine jurors were required to agree on economic and noneconomic damages, because the court had verbally instructed the jury that at least the same nine jurors had to agree on "the amount of damages," which necessarily included both economic and noneconomic damages, that instruction became the law of the case. *Congdon*, 256 Or App at 80-81. As a result, the trial court's failure to poll the jurors individually was reversible error because the show of hands failed to establish conclusively whether the same nine jurors agreed with each part of the damages verdict. *Id.* at 82.

Here, the court instructed the jury that at least the same nine jurors were required to agree on each answer on the verdict form. As we have explained, that required at least the same nine jurors to agree on the amounts of both types of damages. When the court instructed the jury, apparently without objection, that at least the same nine jurors were required to agree on the amounts of both types of damages, that instruction became the law of the case. *Id.* at 80-81; *see also Fulton Ins. v. White Motor Corp.*, 261 Or 206, 223 n 5, 493 P2d 138 (1972) (when neither party objected to jury

instruction, it became the law of the case); *Mays v. Vejo*, 224 Or App 426, 430-31, 198 P3d 943 (2008) (same).

Thus, we conclude that, in this case, at least the same nine jurors were required to agree on each answer in the verdict form, including the amounts of economic and noneconomic damages. It is undisputed that only the same eight jurors agreed on economic and noneconomic damages. As a result, the verdict violated Article VII (Amended), section 5(7), of the Oregon Constitution, and the court erred in entering a general judgment based on that verdict. The judgment must be reversed and the case remanded for a new trial. *Clark v. Strain*, 212 Or 357, 368, 319 P2d 940 (1958).

Reversed and remanded.